**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| FAROUK SYSTEMS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-cv-03386 |
| | § | |
| MICHAEL ROSENBLUM, | § | |
| INDIVIDUALLY and D/B/A | § | Jury Trial Demanded |
| FARRAHFAWCETTBEAUTY | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Anthony F. Matheny
Texas State Bar No. 24002543
Ben D. Tobor
Texas State Bar No. 20050900
GREENBERG TRAURIG LLP
1000 Louisiana St., Suite 1800
Houston, Texas 77002
Phone:  (713) 374-3583
Fax: (713) 754-7583

ATTORNEYS FOR PLAINTIFF,
FAROUK SYSTEMS, INC.

# TABLE OF CONTENTS

# TABLE OF CONTENTS

I. NATURE AND STAGE OF PROCEEDINGS ........................................................................ 1

II. STATEMENT OF ISSUES AND STANDARD OF REVIEW ............................................. 2

    A.   Issues to Be Ruled on by the Court .......................................................................... 2

    B.   Summary Judgment Standard ................................................................................... 2

III. SUMMARY OF ARGUMENT ............................................................................................. 3

IV. ARGUMENT AND AUTHORITIES .................................................................................... 5

    A.   Undisputed Facts .................................................................................................... 5

    B.   Defendant is Infringing FSI's Rights to the Mark CHI® ....................................... 10

        1.   FSI is the Owner of the Mark CHI® ......................................................... 11

        2.   Defendant Sale, Promotion, and Distribution of His
            Counterfeit CHI-Branded Hair Irons Infringes FSI's Mark CHI® .............. 11

            a.   Action Confusion ............................................................................ 12

            b.   Type/Similarity of the Marks ......................................................... 12

            c.   Similarity of the Products ............................................................... 13

            d.   Similarity of Purchasers ................................................................. 13

            e.   Identity of Advertising Media Utilized ........................................... 13

            f.   Intent of the Defendant to Pass Off ................................................ 13

    C.   Defendant Has Engaged in Unfair Competition Under State and Federal Law ...... 14

    D.   Defendant's Conduct has Diluted FSI's Trademark Rights to the Mark CHI® ..... 15

V. CONCLUSION .................................................................................................................... 16

# TABLE OF CITATIONS

**Federal Cases**

*American Rice, Inc. v. Producers Rice Mill, Inc.*,
　518 F.3d 321 (5th Cir. 2008) ............................................................. 10, 11, 13, 14

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) ........................................ 2

*Beer Nuts, Inc. v. Clover Club Foods, Co.*,
　711 F.2d 934 (10th Cir. 1983) .......................................................................... 14

*Boston Professional Hockey Ass'n v. Dallas Cap & Emblem Mfg.*,
　510 F.2d 1004 (5th Cir. 1975) ..................................................................... 15, 16

*Celotex Corp. v. Carrett*,
　477 U.S. 317 (1986).......................................................................................... 2

*Exxon Corp. v. Oxxford Clothes, Inc.*,
　109 F.3d 1070 (5th Cir. 1997) ......................................................................... 15

*Fuji Photo Film Co., Inc. v. Shinohara Shoji Kabushiki Kaisha*,
　754 F.2d 591 (5th Cir. 1985) ........................................................................... 12

*Huey v. United Parcel Serv., Inc.*,
　165 F.3d 1084 (7th Cir. 1999) ............................................................................ 9

*Hulsey v. Texas*,
　929 F.2d 168 (5th Cir.  1991) ............................................................................. 9

*Marathon Mfg. Co. v. Enerlite Prods. Corp.*,
　767 F.2d 214, 217 (5th Cir.  1985) .................................................................... 14

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
　475 U.S. 574 (1986).......................................................................................... 2

*McGraw-Edison Co. v. Walt Disney Productions*,
　787 F.2d 1163 (7th Cir. 1986) ......................................................................... 14

*Moore Business Forms, Inc. v. Ryu*,
　960 F.2d 486 (5th Cir. 1992) ........................................................................... 12

*Sonoda v. Cabrera*,
　255 F.3d 1035 (9th Cir. 2001) ............................................................................ 9

*World Carpets, Inc. v. Dick Littrell's New World Carpets*,
   438 F.2d 482 (5th Cir. 1971) ................................................................................................ 12

**State Cases**

*Horseshoe Bay Resort Sales Co., v. Lake Lyndon B. Johnson Improvement Corp.*,
   53 S.W.3d 799 (Tex.App.--Austin 2001) ............................................................................. 15

**Federal Statutes**

15 U.S.C. § 1057(b) ......................................................................................................................... 5

15 U.S.C. § 1115(a) ................................................................................................................... 5, 11

15 U.S.C. § 1125(a) ....................................................................................................................... 14

**State Statutes**

TEX. BUS. & COMM. CODE § 16.29 ............................................................................................... 15

**Federal Rules**

FED.R.CIV.P. 36(a) ........................................................................................................................... 9

Farouk Systems, Inc. ("FSI" or "Plaintiff") submits this its Memorandum In Support of Plaintiff's Motion for Partial Summary Judgment against Defendant Michael Rosenblum, individually, and doing business as farrahfawcettbeauty ("Defendant") and would respectfully show the Court as follows:

## I.
## NATURE AND STAGE OF PROCEEDINGS

FSI filed this action on October 15, 2007, seeking relief for trademark infringement and unfair competition under federal and state law, as well as for dilution of FSI's trademark rights under state law.   Declaration of Anthony F. Matheny, ¶ 3 attached hereto as Exhibit A ("Matheny Decl."); Docket Entry No. 1.  On October 16, 2007, FSI sent to Defendant a copy of the Complaint and this Court's Order for Conference and Disclosure of Interested Parties and, in so doing, requested Defendant to waive formal service.  *Id*.  Defendant received these documents on October 19, 2007, as reflected in the "green card" return receipt.  *Id*.  Defendant did not respond to FSI's request.  *Id*.  Thus, on November 20, 2007, Defendant was served with process. *Id*.; Docket Entry No. 5 (Copy of Executed Return of Service).   As a result of service, Defendant's answer was entered by the Court on December 14, 2007.   Matheny Decl., ¶ 3; Docket Entry No. 6.  Subsequently, the parties submitted an agreed Joint Discovery Plan and the Court entered its Docket Control Order.  Matheny Decl., ¶ 3; Docket Entry No. 7 and Docket Entry No. 9, respectively.

On March 18, 2008, FSI served Defendant with FSI's First Set of Interrogatories To Defendant, FSI's First Set of Requests for Admission to Defendant, and FSI's First Set of Requests for Production of Documents and Tangible Things to Defendant.  Matheny Decl., ¶ 4. Defendant's response to these discovery requests were due no later than Monday, April 21, 2008. *Id*.  Defendant failed to serve any responses to FSI's discovery requests.  *Id*.  Of particular

importance, Defendant failed to file any response to FSI's First Set of Requests for Admissions to Defendant.  *Id.*

## II.
## STATEMENT OF ISSUES AND STANDARD OF REVIEW

**A.      Issue to Be Ruled on by the Court**

Whether, as a matter of law, Defendant has infringed Plaintiff's federally registered trademark CHI® and engaged in unfair competition, and dilution of Plaintiff's trademark rights.

**B.      Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, and other matters presented to the court show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.  *Celotex Corp. v. Carrett*, 477 U.S. 317, 322-23 (1986);  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).   On a summary judgment motion, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.  *Anderson*, 477 U.S. at 255.  A factual dispute bars summary judgment only when the disputed fact is determinative under governing law.  *Id.*, at 250.  The movant bears the initial burden of articulating the basis for its motion and identifying evidence which shows that there is no genuine issue of material fact.  *Celotex*, 477 U.S. at 322.  The respondent may not rest on the mere allegations or denials in its pleadings but must set forth specific facts showing that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

**III.**
**SUMMARY OF ARGUMENT**

FSI is the owner of U.S. Trademark Registration No. 2,660,257, issued December 10, 2002, for the mark CHI® for electric hair curling irons.  Declaration of Bobbi Mihal, ¶ 2 ("Mihal Decl."), a copy of which is attached hereto as Exhibit B.  U.S. Trademark Registration No. 2,660,257 is valid, subsisting, and in full force and effect.  *Id.*, ¶ 3.  FSI also is the owner of U.S. Trademark Registration No. 3,107,769, issued June 20, 2006, for the mark CHI® for electric hand-held dryers.  *Id.*, ¶ 4.  U.S. Trademark Registration No. 3,107,769 is valid, subsisting, and in full force and effect.  *Id.*, ¶ 5.  U.S. Trademark Registration Nos. 2,660,257 and 3,107,769 are *prima facie* evidence of the validity of the registered marks and of the registrations of the marks, of FSI's ownership of the marks, and of FSI's exclusive right to use the registered marks in commerce for electric hair curling irons and electric hand-held dryers.  15 U.S.C. § 1057(b).

In September, 2007, FSI learned that Defendant was selling, offering for sale, and distributing hand held electric hair irons bearing FSI's Mark through the auction website eBay.com under the eBay seller name "farrahfawcettbeauty."  *Id.*, ¶ 9.  FSI suspected that these hair irons were counterfeit.  *Id.*  Therefore, FSI purchased from the auction website eBay.com one of Defendant's hair irons.  *Id.*  Upon analysis of Defendant's hair iron, FSI determined that Defendant's CHI-branded hair irons do not originate from FSI and, in fact, are counterfeit products.  *Id.*  Moreover, these counterfeit CHI-branded hair irons are inferior in quality to authentic CHI-branded hair irons.  *Id.*  Despite this fact, however, Defendant, advertised, promoted, sold, and offered for sale these counterfeit products as "Farouk CHI" irons.  *Id.*

After determining that Defendant was selling counterfeit CHI-branded hair irons, FSI filed Notifications of Infringement through eBay.com's "VeRO Program" which allows trademark owners to request removal of certain offers on eBay.com due to violations of the

trademark owners' rights.  Mihal Decl., ¶ 10.  The Notifications of Infringement expressly stated that the CHI-branded hair irons being sold by Defendant are unauthorized replicas, i.e., counterfeits, of FSI's CHI® branded hair irons.  *Id*.  As a result of the Notifications of Infringement, eBay.com removed from its website all of the items identified in the Notifications of Infringement. *Id*.

Defendant's counterfeit CHI-branded hair irons are likely to cause confusion among consumers as to the source of Defendant's counterfeit CHI-branded hair irons because (1) Defendant's and FSI's products are virtually identical; (2) the CHI-branding on each parties' products are virtually identical; (3) the class of consumers, namely, individuals purchasing hair irons for their personal use, are identical; (4) Defendant promotes his counterfeit CHI-branded hair irons as "Farouk CHI" hair irons; and (5) consumers have been actually confused as to the source of Defendant's counterfeit CHI-branded hair irons as evidenced by their requests to FSI to repair or replace Defendant's counterfeit CHI-branded hair irons.  *Id*., ¶ 11.

Additionally, Defendant's counterfeit CHI-branded hair irons are likely to cause dilution of FSI's federally registered mark CHI® because Defendant's counterfeit CHI-branded hair irons are inferior to authentic CHI-branded hair irons which denigrates the goodwill associated with FSI's mark CHI®.  *Id*., ¶¶ 9, 12.

As a consequence of these activities and the impairment to FSI's goodwill, reputation and customer base, FSI has been irreparably harmed to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from continuing his unlawful activity.  *Id*., ¶ 13.

# IV.
# ARGUMENT AND AUTHORITIES

**A.     Undisputed Facts**

FSI owns U.S. Trademark Registration No. 2,660,257, issued December 10, 2002, for the mark CHI® for electric hair curling irons.  Mihal Decl., ¶ 2.  U.S. Trademark Registration No. 2,660,257 is valid, subsising, and in full force and effect.  *Id*., ¶ 3.

FSI also owns U.S. Trademark Registration No. 3,107,769, issued June 20, 2006, for the mark CHI® for electric hand-held dryers.  *Id*., ¶ 4.  U.S. Trademark Registration No. 3,107,769 is valid, subsisting, and in full force and effect.  *Id*., ¶ 5.

U.S. Trademark Registration Nos. 2,660,257 and 3,107,769 are *prima facie* evidence of the validity of the registered marks and of the registrations of the marks, of FSI's ownership of the marks, and of FSI's exclusive right to use the registered marks in commerce on electric hair curling irons and electric hand-held dryers.  15 U.S.C. §§ 1057(b), 1115(a).

Additionally, FSI is the owner of U.S. Trademark Application Serial No. 78/524,660 for the mark CHI for hair coloring preparations, namely, hair color lighteners, color lock treatments, color developers, and colors; U.S. Trademark Application Serial No. 77/055,581 for the mark CHI NANO for various hair irons; U.S. Trademark Application Serial No. 76/512,597 for the mark CHI for hair care products, namely, shampoo, thermal hair protective treatment, hair strengthening treatment, hair conditioner; hair care preparations, namely, solutions which bond to the hair to strengthen the hair, and solutions to transform frizzy, curly, or damaged hair; U.S. Trademark Application Serial No. 78/622,448 for the mark ULTRA CHI for hair dryers; and U.S. Trademark Application Serial No. 77/265,353 for the mark BIOCHI for electric hair curling irons, electric hair styling irons, electric hair straightening irons, and electric hair flat irons; and clothes irons and clothes steamers.  *Id*., ¶ 6.

The trademark CHI® (the "Mark") is associated exclusively with FSI for use with hair irons, as well as numerous other hair care products. *Id.*, ¶ 7. FSI has used the mark CHI® in interstate commerce continuously since 2002. *Id.* As a result of FSI's marketing of its products and the extensive advertising and other business generation efforts to promote the Mark, the Mark has become well-known in the Houston metropolitan area, the State of Texas, the United States, and globally as identifying FSI's products and business. *Id.* Customers and potential customers in these areas have come to identify the Mark as originating with FSI. *Id.* Consequently, FSI has developed substantial recognition among the consuming public for its high quality products sold under its CHI® Mark and has acquired and enjoys a valuable reputation and significant goodwill associated with its CHI® Mark and products sold under its CHI® Mark. *Id.*

FSI's use of the Mark in the hair care industry has been exclusive. *Id.*, ¶ 8. As a result of this exclusive use of the Mark and the long and widespread use that has been made by FSI of the Mark, there is substantial recognition and association of the Mark with FSI by the consuming public for hair care products. *Id.*

In September, 2007, FSI learned that Defendant was selling, offering for sale, and distributing hand held electric hair irons bearing FSI's Mark through the auction website eBay.com. *Id.*, ¶ 9. FSI suspected that these hair irons were counterfeit. *Id.* Therefore, FSI purchased from the auction website eBay.com one of Defendant's hair irons. *Id.* Upon analysis of Defendant's hair iron, FSI determined that Defendant's CHI-branded hair irons do not originate from FSI and, in fact, are counterfeit products. *Id.* Moreover, Defendant advertised and sold his hair irons as "Farouk Systems" hair irons and, in fact, the boxes in which Defendant's hair irons were stored expressly state that they originate from "Farouk Systems

Inc.," despite the fact that Defendant did not get his counterfeit CHI-branded hair irons from Farouk Systems. *Id.* Moreover, these counterfeit CHI-branded hair irons are inferior in quality to authentic CHI-branded hair irons. Despite this fact, however, Defendant, advertises, promotes, sells, and offers for sale these counterfeit products as "Farouk CHI" irons. *Id.*

After determining that Defendant was selling counterfeit CHI-branded hair irons, FSI filed Notifications of Infringement through eBay.com's "VeRO Program" which allows trademark owners to request removal of certain offers on eBay.com due to violations of the trademark owners' rights. *Id.*, ¶ 10. The Notifications of Infringement expressly stated that the CHI-branded hair irons being sold by Defendant are unauthorized replicas, i.e., counterfeits, of FSI's CHI® branded hair irons. *Id.* As a result of the Notifications of Infringement, eBay.com removed from its website all of the items identified in the Notifications of Infringement for Defendant's seller identity "farrahfawcettbeauty." *Id.*

Defendant's counterfeit CHI-branded hair irons are likely to cause confusion among consumers as to the source of Defendant's counterfeit CHI-branded hair irons because (1) Defendant's and FSI's products are virtually identical; (2) the CHI-branding on each parties' products are virtually identical; (3) the class of consumers, namely, individuals purchasing hair irons for their personal use, are identical; (4) Defendant promotes his counterfeit CHI-branded hair irons as "Farouk CHI" hair irons; and (5) consumers have been actually confused as to the source of Defendant's counterfeit CHI-branded hair irons as evidenced by their requests to FSI to repair or replace Defendant's counterfeit CHI-branded hair irons. *Id.*, ¶ 11.

Additionally, Defendant's counterfeit CHI-branded hair irons are likely to cause dilution of FSI's federally registered mark CHI® because Defendant's counterfeit CHI-branded hair irons are inferior to authentic CHI-branded hair irons which denigrates the goodwill associated with

FSI's mark CHI®.  *Id*., ¶¶ 9, 12.

As a consequence of these activities and the impairment to FSI's goodwill, reputation, and customer base, FSI has been irreparably harmed to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendant is permanently enjoined by this Court from continuing his unlawful activity.  *Id*., ¶ 13.

Due to Defendant's blatant disregard for FSI's federally registered trademark rights, FSI filed this action on October 15, 2007, seeking relief for trademark infringement and unfair competition under federal and state law, as well as for dilution of FSI's trademark rights under state law.  Matheny Decl., ¶ 3; Docket Entry No. 1.  On October 16, 2007, FSI sent to Defendant a copy of the Complaint and this Court's Order for Conference and Disclosure of Interested Parties and, in so doing, requested Defendant to waiver formal service.  *Id*.  Defendant received these copies on October 19, 2007, as reflected in the "green card" return receipt.  *Id*.  Defendant did not respond to FSI's request.  *Id*.

After Defendant refused to waiver service of FSI's Complaint, Defendant was served with process on November 20, 2007.  Matheny Decl., ¶ 3; Docket Entry No. 5 (Copy of Executed Return of Service).  As a result of service, Defendant's answer was entered by the Court on December 14, 2007.  Matheny Decl., ¶ 3; Docket Entry No. 6.  Subsequently, the parties submitted an agreed Joint Discovery Plan and the Court entered its Docket Control Order. Matheny Decl., ¶ 3; Docket Entry No. 7 and Docket Entry No. 9, respectively.

On March 18, 2008, FSI served Defendant with Plaintiff's first set of written discovery setting April 21, 2008, as Defendant's deadline for responding. Matheny Decl., ¶ 4.  Defendant failed to respond to any of Plaintiff's written discovery.  *Id*.  Included in Plaintiff's first set of written discovery requests were Plaintiff's First Set of Requests for Admissions to Defendant.

*Id*. Thus, all of the requests for admissions are deemed admitted. FED.R.CIV.P. 36(a) (Failure to provide any response to request for admission results in the requests being deemed admitted.); *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *see also, Huey v. United Parcel Serv., Inc*. 165 F.3d 1084, 1085 (7th Cir. 1999); *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001). Deemed admissions of fact include the following:

- U.S. Trademark Registration No. 2,660,257 is valid and enforceable.

- U.S. Trademark Registration No. 3,107,769 is valid and enforceable.

- The trademark CHI on hair irons indicates to the public that FSI is the source of those hair irons.

- Defendant has no rights to the trademark CHI.

- Defendant does business on eBay.com under the seller name farrahfawcettbeauty.

- Defendant sold or offered for sale electric hair curling irons bearing or displaying the trademark CHI.

- Defendant advertises to the consuming public that the hair irons bearing or displaying the trademark CHI that are sold or offered for sale by Defendant are made by, authorized by, sponsored by, or connected to FSI.

- Defendant's sales or offers for sale of hair irons bearing or displaying the trademark CHI creates a likelihood of confusion among the public as to the source of the hair irons sold or offered for sale by Defendant.

- Defendant is aware of instances of actual confusion as to the source of goods bearing or displaying the trademark CHI that are sold or offered for sale by Defendant and goods bearing or displaying the trademark CHI that are sold or offered for sale by FSI.

- Defendant offers for sale his hair irons bearing or displaying the trademark CHI in such a way that the consuming public believes that Defendant is affiliated with, sponsored by, or associated with FSI.

- Defendant is not affiliated with, sponsored by, or connected to FSI

- FSI does not approve or otherwise control the quality of the hair irons bearing or displaying the trademark CHI that are sold or offered for sale by Defendant.

- Defendant sold and offered for sale his hair irons bearing or displaying the trademark CHI with the knowledge that his hair irons did not originate from FSI.

- Defendant sold and offered for sale his hair irons bearing or displaying the trademark CHI with the knowledge that his hair irons were counterfeit.

- Defendant sold and offered for sale his hair irons bearing or displaying the trademark CHI with the knowledge that his hair irons were not authorized by FSI.

- Defendant is not authorized by FSI to sell or offer for sale hair irons bearing or displaying the trademark CHI.

- Defendant's hair irons bearing or displaying the trademark CHI are related to hair dryers.

- Defendant's hair irons bearing or displaying the trademark CHI infringe U.S. Trademark Registration No. 2,660,257.

- Defendant's hair irons bearing or displaying the trademark CHI infringe U.S. Trademark Registration No. 3,107,769.

- Since Defendant obtained notice of the filing of the present lawsuit, he has continued to offer for sale hair irons bearing or displaying the trademark CHI, despite the fact that such hair irons do not originate from FSI.

- Since Defendant obtained notice of the filing of the present lawsuit, he has continued to sell hair irons bearing or displaying the trademark CHI, despite the fact that such hair irons do not originate from FSI.

- Since Defendant obtained notice of the filing of the present lawsuit, he has continued to distribute hair irons bearing or displaying the trademark CHI, despite the fact that such hair irons do not originate from FSI.

Matheny Decl., ¶ 4.

**B.    Defendant is Infringing FSI's Rights to the Mark CHI®**

To recover on a claim of trademark infringement, a plaintiff must first show that the mark is legally protectable and must then establish infringement by showing a likelihood of confusion. *American Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008).  The factors used by the Fifth Circuit in determining whether a likelihood of confusion exists are:  (1) strength of the plaintiff's mark; (2) similarity of design between the marks; (3) similarity of the

products; (4) identity of retail outlets and purchasers; (5) similarity of advertising media used; (6) the defendant's intent; (7) actual confusion; and (8) degree of care exercised by potential purchasers. *Id.* The absence or presence of any one factor ordinarily is not dispositive; indeed, a finding of likelihood of confusion need not be supported even by a majority of the ... factors. *Id.*

       1.     <u>FSI is the Owner of the Mark CHI®</u>

It is indisputable that FSI is the owner of federal registrations for the mark CHI®. Federal registration of the mark CHI® is *prima facie* evidence of FSI's exclusive right to use the registered marks in connection with hair irons. 15 U.S.C. § 1115(a). Moreover, Defendant has admitted that the mark CHI® is a valid and enforceable indicator to the public that the hair irons bearing the mark CHI® originate from FSI. These admissions are based upon the failure of Defendant to respond to FSI's First Set of Requests for Admissions to Defendant. Accordingly, it is undisputed that FSI has protectable and enforceable rights to the mark CHI®.

       2.     <u>Defendant Sale, Promotion, and Distribution of His<br>Counterfeit CHI-Branded Hair Irons Infringes FSI's Mark CHI®</u>

Defendant has admitted that he infringes the mark CHI® because, as part of its requests for admission to Defendant, FSI requested Defendant to admit that the fact that he is aware of actual confusion among consumers as to the source of his hair irons bearing the mark CHI, as well as the fact his offers for sale and sales of such hair irons in the United States create a likelihood of confusion among consumers. Matheny Decl., ¶ 4. Defendant admitted each of these requests by failing to provide any response to these requests for admission. *Id.* As such, these requests for admission are deemed admitted to by Defendant. Accordingly, a finding of infringement is appropriate as a matter of law.

Moreover, an analysis of the relevant elements for a finding a likelihood of confusion also indisputably support a finding of trademark infringement.

a.     Actual Confusion

As previously held by the Fifth Circuit, evidence of actual confusion will, in almost all cases, result in a finding of likelihood of confusion.  *World Carpets, Inc. v. Dick Littrell's New World Carpets*, 438 F.2d 482, 489, (5th Cir. 1971) ("very little proof of actual confusion would be necessary to prove likelihood of confusion.").  Further, "while very little proof of actual confusion would be necessary to prove the likelihood of confusion, an almost overwhelming amount of proof would be necessary to refute such proof." *Id.*; *Moore Business Forms, Inc. v. Ryu*, 960 F.2d 486, 491 (5th Cir. 1992); *Fuji Photo Film Co., Inc. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 597 (5th Cir. 1985).

Defendant's CHI-branded hair irons are counterfeits.  Mihal Decl., ¶¶ 9, 10; Matheny Decl., ¶ 4 (Defendant's admission).  Moreover, many of Defendant's customers believe they are receiving a genuine "Farouk" CHI-branded hair irons as evidenced by their requests to FSI to repair or replace Defendant's counterfeit CHI-branded hair irons.  *Id.*, ¶11.  Further, the "Feedback" to Defendant's eBay Seller name conclusively shows that Defendant's customers believe that they are receiving genuine Farouk Systems' CHI® branded hair irons.  *Id.*, ¶14.  Therefore, the foregoing evidence of actual confusion supports a finding of likelihood of confusion and, thus, infringement.

b.     Type/Similarity of the Marks

Defendant uses indicia that is identical to the mark CHI® on the hair irons themselves as well as on packaging that is nearly identical to authentic.  Mihal Decl., ¶¶ 9, 11, 15.  Indeed, as admitted to by Defendant, Defendant's CHI-branded hair irons are counterfeits.  *Id.*, ¶ 9; Matheny Decl., ¶ 4 (Defendant's admission).  Therefore, this element supports a finding of likelihood of confusion and, thus, infringement.

c.      Similarity of the Products

The products sold by FSI and Defendant are identical to the goods in FSI's U.S. Trademark Registration No. 2,660,257, namely, hair irons.  Mihal Decl., ¶¶ 9-11.  Further, as admitted to by Defendant, and as the Court can take judicial notice of itself, Defendant's hair irons are closely related to the hair dryers of FSI's U.S. Trademark Registration No. 3,107,769. Matheny Decl**.,** ¶ 4 (Defendant's admission).   Therefore, this element supports a finding of likelihood of confusion and, thus, infringement.

d.      Similarity of Purchasers

The purchasers or customers of FSI's and Defendant's CHI-branded hair irons are identical, namely, individuals seeking hair straightening, curling, and styling irons for home use. Therefore, this element supports a finding of likelihood of confusion and, thus, infringement. Mihal Decl., ¶ 11.

e.      Identity of Advertising Media Utilized

As noted above, in selling and offering for sale his counterfeit CHI-branded hair irons, Defendant uses packaging, including photographs of the packaging and Defendant's counterfeit CHI-branded hair irons themselves, that are nearly identical to FSI's genuine CHI® branded hair irons.  *Id*., ¶¶ 9-11, 15.  FSI promotes and advertises its genuine CHI® branded hair irons in nearly an identical fashion**.**  *Id.*, ¶ 15.  Therefore, this element supports a finding of likelihood of confusion and, thus, infringement.

f.      Intent of the Defendant to Pass Off

As the Fifth Circuit has held that although, proof of a defendant's intent is not required, "[i]f such intent can be shown, however, it may provide compelling evidence of a likelihood of confusion."  *American Rice*, 518 F.3d at 332.  Further, the intent of defendants in adopting (their

mark) is a critical factor, since if the mark was adopted with the intent of deriving benefit from the reputation of (the plaintiff,) that fact alone may be sufficient to justify the inference that there is confusing similarity. *Id.*

Moreover, "one who adopts a mark similar to another already established in the marketplace does so at its peril . . . All doubts must be resolved against him." *McGraw-Edison Co. v. Walt Disney Productions*, 787 F.2d 1163, 1167 (7th Cir. 1986); *Beer Nuts, Inc. v. Clover Club Foods, Co.*, 711 F.2d 934, 941 (10th Cir. 1983).

Defendant is well aware that his hair irons are counterfeit, yet he intentionally mislead consumers. Mihal Decl., ¶¶ 9-12, 14-15. Indeed, Defendant advertised and sold his hair irons as "Farouk Systems" hair irons and, in fact, the boxes in which Defendant's hair irons were stored expressly state that they originate from "Farouk Systems Inc.," despite the fact that Defendant did not get his counterfeit CHI-branded hair irons from Farouk Systems. *Id.*, ¶ 9. Therefore, Defendant's intent to pass off his hair irons as authentic "CHI" brand hair irons is undisputedly established. Accordingly, this element supports a finding of likelihood of confusion and, thus, infringement.

In light of the undisputed evidence submitted above, FSI submits that, as a matter of law, the counterfeit CHI-branded hair irons promoted, advertised, offered for sale, or sold by Defendant create a likelihood of confusion among consumers as to the source of those hair irons.

## C. Defendant Has Engaged in Unfair Competition Under State and Federal Law

The elements for a finding of unfair competition under 15 U.S.C. § 1125(a) and Texas common law are identical to the elements for establishing trademark infringement. *See Marathon Mfg. Co. v. Enerlite Prods. Corp.*, 767 F.2d 214, 217 (5th Cir. 1985) ("As a general rule, the same facts which would support an action for trademark infringement would also

support an action for unfair competition."), citing *Boston Professional Hockey Ass'n v. Dallas Cap & Emblem Mfg.*, 510 F.2d 1004, 1009-10 (5th Cir. 1975).

As demonstrated above with respect to FSI's claims for trademark infringement, Defendant is engaging in unfair competition in violation of both federal law and Texas state law. Accordingly, FSI is entitled to judgment, as a matter of law, on its federal and state law claims for unfair competition for the same reasons as set forth above with respect to its claims for trademark infringement.

**D.     Defendant's Conduct has Diluted FSI's Trademark Rights to the Mark CHI®**

TEX. BUS. & COMM. CODE § 16.29 states:

> A person may bring an action to enjoin an act likely to injure a business reputation or to dilute the distinctive quality of a mark registered under this chapter or Title 15, U.S.C., or a mark or trade name valid at common law, regardless of whether there is competition between the parties or confusion as to the source of goods or services.

To establish a dilution claim under Section 16.29, FSI must establish (1) ownership of a distinctive mark, and (2) a likelihood of dilution. *Horseshoe Bay Resort Sales Co., v. Lake Lyndon B. Johnson Improvement Corp.*, 53 S.W.3d 799, 811 (Tex.App.--Austin 2001). The owner of a trademark may obtain relief under Section 16.29 if there is a likelihood of dilution due to either "blurring" or "tarnishing." *See Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1081 (5th Cir. 1997). A trademark may be "tarnished" from another's use of it in a manner that tarnishes or appropriates the goodwill and reputation associated with the name. *Id.* at 1084.

As described above, FSI owns a "distinctive mark" as evidence by FSI's federal registrations for the mark CHI®. Mihal Decl., ¶¶ 2-8; 15 U.S.C. § 1115(a). As for likelihood of dilution, this element is established by the facts that Defendant's CHI-branded hair irons are

counterfeits (*Id.*, ¶¶ 9, 10, 12- 15) and they denigrate the goodwill associated with FSI's mark CHI® because they are inferior to authentic CHI-branded hair irons which denigrates the goodwill associated with FSI's mark CHI®.  *Id.*, ¶¶ 9, 12.  Therefore, as a matter of law, Defendant is liable to FSI for dilution of FSI's mark CHI® under Texas Business & Commerce Code, § 16.29.

## V.
## CONCLUSION

WHEREFORE PREMISES CONSIDERED, Plaintiff Farouk Systems, Inc. respectfully requests that the Court grant its Motion for Partial Summary Judgment in all respects and that it be granted all other relief, in law and equity, to which it is entitled.

Respectfully submitted,

Date:  May 16, 2008

/Anthony F. Matheny/
Anthony F. Matheny
Texas State Bar No. 24002543
Ben D. Tobor
Texas State Bar No. 20050900
Greenberg Traurig LLP
1000 Louisiana St., Suite 1800
Houston, Texas 77002
Phone:  (713) 374-3583
Fax: (713) 754-7583

ATTORNEYS FOR PLAINTIFF,
FAROUK SYSTEMS, INC.

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on May 16, 2008, a true and correct copy of the foregoing Plaintiff's Memorandum In Support of Plaintiff's Partial Motion for Summary Judgment was served by the manner indicated on the following:

   Michael Rosenblum
   433 Cretin Ave. S
   St. Paul, Minnesota 55105

   Via Certified Mail,
   Return Receipt Requested


         /Anthony F. Matheny/
         Anthony F. Matheny